IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

VIRGINIA SEARS,                        )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )   No. 6:16-03483-CV-RK
                                       )
                                       )
NANCY A. BERRYHILL, ACTING             )
COMMISSIONER OF SSA;                   )
                                       )
                    Defendant.         )

**ORDER**

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8thCir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should

"defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined the Plaintiff suffers from the following severe impairments: degenerative arthritis of the lumbar spine, vertigo, and obesity. The ALJ also determined the Plaintiff has the following non-severe impairment: chronic obstructive pulmonary disease (COPD). However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations. The ALJ determined the Plaintiff was able to perform past relevant work as a cafeteria cashier.

On appeal, Plaintiff alleges errors related to whether the ALJ: (1) properly evaluated the medical opinions, (2) appropriately concluded that Plaintiff's subjective complaints of pain were not fully credible, and (3) properly formulated the Plaintiff's RFC.

First, substantial evidence exists to support the ALJ's evaluation of the medical opinions. The Plaintiff argues the ALJ did not appropriately explain and support his evaluation of the medical opinions. *See Hilgart v. Colvin*, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013) (an ALJ is required to justify each conclusion reached; however, an ALJ does not need to cite specific medical evidence to justify each conclusion). Plaintiff specifically disputes the ALJ's evaluation of Dr. Carter and Dr. Scovern's opinions.[1] *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (an ALJ may award less weight to a medical opinion when that opinion appears to be largely based on the plaintiff's subjective complaints); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir.2006) (a physician's own inconsistencies may undermine his opinion and diminish or eliminate the weight given to the physician's opinion). Accordingly, there is

---

[1] The ALJ afforded Dr. Carter's opinion little weight because Dr. Carter excessively relied on the Plaintiff's subjective complaints; Dr. Carter did not perform any tests regarding the Plaintiff's complaints of vertigo yet opined the vertigo was severe; Dr. Carter provided a severe diagnosis of vertigo despite Plaintiff's ability to maintain employment for fifteen years with vertigo; and Dr. Carter's opinion was inconsistent with the conservative treatment options Dr. Carter and other physicians provided. The ALJ afforded Dr. Scovern's opinion significant weight because Dr. Scovern's opinion was internally consistent and consistent with the overall medical evidence.

sufficient evidence in the record to support the ALJ's evaluation and weighing of the medical evidence.

Second, substantial evidence supports the ALJ's assessment that Plaintiff's subjective complaints were not fully credible. Here, the ALJ appropriately considered Plaintiff's limited and conservative medical treatment, Plaintiff's noncompliance with doctor recommendations, absence of objective medical evidence supporting Plaintiff's subjective complaints, daily activities, work history with relatively low earnings, and the Plaintiff's application for unemployment benefits in making the credibility determination.[2] *See Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("A court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence."). Accordingly, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff's credibility was lacking.

Finally, substantial evidence supports the ALJ's RFC determination. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("The ALJ must assess a claimant's RFC based on all relevant, credible, evidence in the record, 'including medical records, observations of treating physicians and others, and an individual's own description of his limitations.'").

---

[2] *See Perkins v. Astrue,* 648 F.3d 892, 899-900 (8th Cir. 2011) (A history of limited and conservative treatment undermines allegations of disabling symptoms); *Choate v. Barnhart,* 457 F.3d 865, 872 (8th Cir. 2006) ("an ALJ may properly consider the claimant's noncompliance with a treating physician's directions . . . including failing to take prescription medications, . . . seek treatment [and] quit smoking"); *Gonzales* 465 F.3d at 895 (an ALJ may consider the absence of objective medical evidence supporting the plaintiff's subjective complaints in the credibility analysis); *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (substantial evidence supports the ALJ in finding the claimant was not disabled where the claimant was not restricted in daily activities including: laundry, light housework, cooking meals, and grocery shopping); *Fredrickson v. Barnhart,* 359 F.3d 972, 976 (8th Cir. 2004) (it was proper for an ALJ to consider the Plaintiff's sporadic work history and relatively low earnings as a potential lack of motivation to gain employment); *Whitman v. Colvin*, 762 F.3d 701, 708 (while applying for unemployment benefits does not prove, by itself, that the claimant is not disabled, it is compelling evidence to negate a disability claim because applying for unemployment benefits requires the applicant to declare herself "ready, willing, and able" to work).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 12, 2017